## JOSIAH CHASE vs. LEVI FLANDERS.

In an action upon a contract to deliver the plaintiff a quantity of staves upon a certain turnpike road, one half in two months, if demanded, and one half in six months, if called for;—it was held to be no defence that the defendant had the staves ready on the turnpike, at the times mentioned in the contract, it not appearing that the defendant had been requested to have them ready at those times.

Assumpsit upon a promise alleged to have been made by the defendant on 11th Aug. 1818, to deliver the plaintiff on the ———— turnpike road, six thousand six hundred and nine barrel staves, one half in two months, if demanded, and one half in six months, if called for.

The cause was tried here at May term, 1821, upon the general issue, when the making of the contract was admitted, and the defendant offered to shew, that at the end of two months he had one half the staves ready, and at the end

of six months, he had the other half ready, but the court rejected the evidence. The plaintiff proved that on the 18th December, 1819, he made a demand of the staves, and that the defendant refused to deliver them.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the above case.

*Bradley*, for the plaintiff.

*E. Webster*, for the defendant.

*By the court.* When a promise is made to deliver specific articles at a particular time and place, it is without doubt a good defence to an action upon the promise, that the promiser had the articles ready at the time and place. But in this case, the staves were to be delivered on the turnpike; and it is clear that a turnpike extending several miles, cannot be considered as a particular place within the meaning of the rule. If therefore the contract had been simply, that the defendant should deliver the staves upon the turnpike, on a particular day, and the defendant had the right to elect at what place upon the turnpike he would deliver them, he would have been bound to give the plaintiff notice of the place where he would have them ready; and without such notice, it would have been no defence to an action on the contract, that he had the staves ready on the turnpike. *Coke Lit.* 210, *b.*

But this is a contract, in our opinion, to deliver the staves neither at a particular time nor place, but a contract to deliver them at some place on the turnpike, whenever requested, after the time specified. We think it absurd to suppose that the parties could have intended that the defendant should be discharged, if no demand was made within the times specified; and we entertain no doubt that the construction we put upon the contract is the true one.

*Judgment on the verdict.*